Lisel M. Ferguson (Bar No. 207637)
Tiffany Salayer (Bar No. 226189)
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
Email: Lisel.Ferguson@procopio.com
Email: Tiffany.Salayer@procopio.com

Attorney for Plaintiff
BREAKING CODE SILENCE

### UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California Public Benefit Corporation;<br><br>Plaintiff,<br><br>v.<br><br>CHELSEA PAPCIAK aka FILER, an individual; JESSICA WALKER, an individual; JENNA BULIS, an individual; MARTHA THOMPSON, an individual; and BREAKINGCODESILENCE, INC. a Florida Profit Corporation.<br><br>Defendants. | Case No. **'21CV0918 BAS DEB**<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT 15 U.S.C. § 1125;**<br>(2) **UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. §1125(a);**<br>(3) **INJUNCTIVE RELIEF UNDER THE LANHAM ACT 15 U.S.C. § 1116;**<br>(4) **DECLARATORY ACTION;**<br>(5) **UNFAIR COMPETITION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200;**<br>(6) **CONVERSION;**<br>(7) **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br>(8) **FALSE LIGHT; and**<br>(9) **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**<br><br>**(JURY TRIAL DEMANDED)** |

COMPLAINT

Case No. _____

Plaintiff BREAKING CODE SILENCE ("BCS" or "Plaintiff") hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This is a Complaint for (1) trademark infringement 15 U.S.C. § 1125; (2) unfair competition under the Lanham Act 15 U.S.C. §1125(a); (3) injunctive relief under the Lanham Act 15 U.S.C. § 1116; (4) declaratory action; (5) unfair competition under California Business and Professions Code § 17200; (6) conversion; (7) intentional interference with contractual relations; (8) false light; and (9) tortious interference with prospective economic advantage.

2.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      The Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the opportunity to conduct commercial activities in this Judicial District by promoting, advertising infringing marks and services, by interfering with contracts and making false statements in this Judicial District.

4.      Venue in this action properly lies in the Southern District of California, under 28 U.S.C. § 1391, and 1400 as the Defendants provide services within California and this Judicial District, the Defendants have conducted operations, published websites and have derived benefit from the promotion of services to the public within this Judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

5.      Plaintiff BREAKING CODE SILENCE ("BCS") is a California Nonprofit Public Benefit Corporation with an address of 272 N. Mar Vista Ave., Pasadena, CA 91106.

2
COMPLAINT

Case No. _____

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendant CHELSEA PAPCIAK aka FILER ("PAPCIAK") is an individual residing at 27 Grand Rio Circle, Sacramento, CA 95826;

7.     Plaintiff is informed and believes, and based thereon alleges, that Defendant JESSICA WALKER ("WALKER") is an individual residing at 32 Jeanette Ave, Medford, OR 97501;

8.     Plaintiff is informed and believes, and based thereon alleges, that Defendant JENNA BULIS ("BULIS") is an individual residing at 10055 3rd St NE, Lake Stevens, WA 98258;

9.     Plaintiff is informed and believes, and based thereon alleges, that Defendant MARTHA THOMPSON ("THOMPSON") is an individual residing at 703 Country Aire Drive, Round Rock, TX 78664; and

10.    Plaintiff is informed and believes, and based thereon alleges, that Defendant BREAKINGCODESILENCE, INC. is a Florida Profit Corporation incorporated on April 27, 2021 with an address of 7901 4th St. N Ste. 300, St. Petersburg, FL 33702.

11.    Defendants are subject to the jurisdiction of this Court by virtue of their substantial contacts with California, including participation in the acts and events occurring within this District as described herein.

## FACTS

### Breaking Code Silence Business and Trademarks

12.    Plaintiff is a nonprofit public benefit corporation incorporated by survivors of institutional child abuse and activists with the mission of helping survivors of institutional child abuse.  The mission of BCS is to raise awareness of the problems in the troubled teen industry and the need for reform.  BCS empowers adult survivors to engage in positive self-advocacy.

13.    BCS's aim is to use the voices of its members to tell their stories and

create change to protect vulnerable youth from abuse.  BCS provides a number of services to assist troubled teens and parents.

14.   One of the volunteers of BCS started branding BREAKING CODE SILENCE in October of 2010 with his books, blogs, posts and speaking engagements aimed at helping survivors of institutional child abuse.  These rights have been assigned to BCS.

15.   BCS has a website located at www.breakingcodesilence.net created on December 11, 2019 where it has multiple resources for parents and the general public.

16.   In 2019, a group of survivors of troubled teen residential facilities joined together to formalize BCS as an organization. This group started by holding informal meetings; reaching out to survivors and assisting them; establishing a further presence through a website and Facebook community on the internet; Facebook page; Instagram account; Gmail account and Squarespace hosting account; a Twitter Page and by organizing events in 2020.  To this end, the following accounts were established by the BCS group in 2019 and 2020:

- **Instagram:   https://www.instagram.com/breakingcodesilence/**

- **Facebook page:   https://www.facebook.com/breakingcodesilencemovement**

- **Gmail account:   breakingcodesilence@gmail.com**
- **Google Suite account: info@breakingcodesilence.net & inquiries@breakingcodsilence.net**

- **Squarespace hosting account: breakingcodesilence.net**
- **Additional website: breakingcodesilence.net**

- **Twitter account: https//www.twitter.com/breakingcodesi3**

4
COMPLAINT

Case No. _____

17.     The BCS group started applying for grants by October 15, 2020.

18.     In particular, on or around December 20, 2020, the BCS group applied to the Conrad N. Hilton Foundation ("Hilton Foundation") for a grant in the amount of $499,877 to increase access to quality psychosocial support and education for survivors of institutional abuse by funding BCS's work in psychosocial education & peer support for survivors, education of mental health professionals, and the use of trauma intervention retreats

19.     BCS was incorporated as an entity on March 22, 2021, when it received its file-stamped Articles of Incorporation from the California Secretary of State.

20.     On April 29, 2021, BCS was notified of a pending donation from Paris Hilton in the amount of $15,000 to educate, advocate, and support research endeavors for youth and survivors of residential facilities, to be funded once BCS obtains its determination of tax-exempt status pursuant to Internal Revenue Code Section 501(c)(3) no later than July 31, 2021, which 501(c)(3) tax-exempt status BCS has applied for.

21.     BCS uses the trademarks BREAKING CODE SILENCE, BCS and #breakingcodesilence to brand its services, mission, and publications, and it has common law trademark rights in these marks which date back to October 18, 2010. BCS also has multiple pending trademark applications filed with the United States Patent and Trademark Office which include BREAKING CODE SILENCE ACTION NETWORK SN. 90583389; BREAKING CODE SILENCE SN. 90692440; and BREAKING CODE SILENCE SN. 90693777 ("Trademarks").

22.     BCS has a Facebook Page located at https://facebook.com/BreakingCodeSilence created on January 4, 2018.  BCS also has a business account with Facebook created on December 19, 2018.  Facebook has provided a business verification to BCS for its business account.

23.     Plaintiff has continuously utilized its Trademarks for its services

DOCS 129929-00000002/4483366.4

1    Nationwide since it commenced use of each.

2    **Defendants Infringement and Unlawful Acts**

3    24.   Defendants PAPCIAK, WALKER, BULIS and THOMPSON were
4    involved with BCS from 2019 through early 2021. In or around February and March
5    of 2021 these Defendants publicly separated themselves from BCS and no longer
6    actively participate in the organization.

7    25.   Despite publicly separating themselves from BCS, Defendants are using
8    the marks BREAKING CODE SILENCE, BCS, and #breakingcodesilence
9    ("Infringing Marks") without authorization of Plaintiff.

10   26.   Defendant PAPCIAK is falsely representing herself as being a Co-
11   Founder and COO at Breaking Code Silence, which can be seen in her LinkedIn page.
12   (Exhibit "A".) She is not an officer or on the board of directors of BCS and has no
13   affiliation or association with this entity.

14   27.   Defendant BULIS is falsely representing herself as being a Director and
15   CEO at Breaking Code Silence, which can be seen on her Facebook page. (Exhibit
16   "B".) She is not an officer or on the board of directors of BCS and has no affiliation
17   or association with this entity.

18   28.   Defendants have taken many of Plaintiff's social media and email
19   accounts and are holding them hostage and will not return them to Plaintiff despite
20   numerous requests.  The accounts which have been taken are set forth below.

21   29.   Defendants    are    holding    Plaintiff's    Facebook    page    at
22   https://www.facebook.com/breakingcodesilencemovement hostage and are actively
23   posting comments about BCS on this page in addition to making inaccurate statements
24   that they are working for BCS on legislation and support for survivors.

25   30.   Defendants are using their control over the popular WWASP Survivors
26   Facebook group at http://www.facebook.com/wwaspsurvivors to actively allow,
27   participate in, and encourage inaccurate and defamatory posts and comments about

28

DOCS 129929-00000002/4483366.4

BCS.

31.   Defendants BULIS and WALKER are holding the two-factor authentication code for BCS's Instagram account hostage and will not return it to Plaintiff.  Plaintiff is therefore unable to access its Instagram account.

32.   BCS owns a G Suite Administration Account, which is where its emails are accessed at this Gmail account.  Defendants PAPCIAK, THOMPSON, BULIS and WALKER have changed the password so that Plaintiff cannot access their accounts.

33.   Defendant BULIS and PAPCIAK are refusing to remove themselves as administrators from BCS's public Facebook page, thus denying BCS access to this page.

34.   Defendants WALKER took the Squarespace hosting account for breakingcodesilence.net.

35.   On March 2, 2021 Defendant PAPCIAK conducted a webinar on Breaking Code Silence without the authorization of Plaintiff.  (Exhibit "C".)

36.   Defendant PAPCIAK attempted to interfere with BCS's Hilton Foundation grant by sending an email to the Hilton Foundation on April 14, 2010 requesting the Hilton Foundation halt any grant to BCS, (Exhibit "D") after publicly stating and admitting on Facebook that she was no longer working at BCS.

37.   Defendants are posting on Plaintiff's Facebook page without authorization and using Plaintiff's Trademarks without authorization. (Exhibit "E")

38.   Defendants continue to make public posts on social media alleging that Plaintiff is committing theft, bullying and threatening survivors.  These posts are seen by over 4,000 members of the survivor community.  (Exhibit "F")

39.   The statements made by Defendants are causing the public to question Plaintiff's integrity. (Exhibit "G")

40.   Defendants continue to misrepresent themselves as BREAKING CODE

7
COMPLAINT

Case No. _____

SILENCE on social media. An example of this is attached showing a May 4, 2021 post. (Exhibit "H")

41.   On April 27, 2021 Defendants BULIS and PAPCIAK and individual Jen Barr, filed a registration for a Florida Profit Corporation by the name of BREAKINGCODESILENCE INC. (Exhibits "I" and "J"). This was done without the authorization of BCS, and after publicly falsely accusing BCS (a nonprofit) of attempting to profit from the troubled teen survivor movement.

42.   Defendants' false and negative posts on social media are causing members of the survivor community to think and speak negatively about Plaintiff.

43.   Plaintiff has sent multiple demand letters to Defendants BULIS, PAPCIAK, WALKER, and THOMPSON asking them to cease use of the Infringing Trademarks, return Plaintiff's property as outlined above, and cease making false and harmful statements about Plaintiff.   To date Defendants have ignored Plaintiff's demands and continued to escalate their infringing and wrongful conduct.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement: 15 U.S.C. § 1125 against all Defendants)

44.   Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.   This Cause of action arises under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46.   Plaintiff and its predecessors have used its marks BREAKING CODE SILENCE, BCS, #breakingcodesilence and marks including these terms continuously in commerce since at least October 2010.

47.   Defendants are using the infringing marks BREAKING CODE SILENCE and #breakingcodesilence in the same channels of trade as Plaintiff offers its services.

48.   Defendants' Infringing Marks are for all intents and purposes identical to

DOCS 129929-00000002/4483366.4

Plaintiff's marks.

49.     Defendants and Plaintiff compete in the same market space.

50.     Defendants' and Plaintiff's services are both for assisting survivors of child abuse and these services travel in the same channels of trade.

51.     Given the foregoing, consumers would recognize Defendants' Infringing Marks as the same, or a close approximation of, name or identity used by Plaintiff.

52.     Plaintiff never abandoned or discontinued use of its BREAKING CODE SILENCE, BCS, and #breakingcodesilence trademarks in connection with its operations and services.

53.     As such, Defendants' use in commerce of the Infringing Marks, as used in connection with services and posts which do not emanate from Plaintiff constitute trademark infringement.

54.     Defendants have deliberately and willfully attempted to trade on Plaintiff's longstanding goodwill in Plaintiff's name, trademarks, and reputation that Plaintiff has established in connection with its services and has done so to confuse consumers as to the origin, association, and sponsorship of Defendants' services.

55.     Defendants' conduct has confused or is likely to confuse consumers as to the origin, association, connection, or sponsorship of Defendants' services in violation of 15 U.S.C. § 1125(a).

56.     As the direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its operations, reputation, and goodwill.  Given the foregoing, Plaintiff is entitled to an injunction against Defendants, as well as all other remedies available under the Lanham Act.

Case No. _____

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition Under Lanham Act: 15 U.S.C. § 1125(a) against all Defendants)**

57.     Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Plaintiff is an organization which provides services and assists survivors of institutional child abuse.

59.     Defendants are attempting to provide similar services in the same manner using the Infringing Trademarks.  The services provided by Defendants under the Infringing Trademarks will confuse and deceive the public into thinking that the services provided by Defendants are Plaintiff's services, or that there is some connection or affiliation between Plaintiff and Defendants.

60.     As a result of Defendants' acts, Plaintiff will continue to suffer harm and will lose funding and support for those services diverted away by Defendants.  Further, Plaintiff will lose goodwill because of the potentially poor quality of Defendants' services, social media posts and advertisements used in connection with Defendants' infringing services.  Moreover, Defendants' infringing services are likely to be inferior to those offered by Plaintiff, which will reflect negatively on Plaintiff, thus harming Plaintiff's nonprofit business reputation.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

**THIRD CLAIM FOR RELIEF**

**(Injunctive Relief Under Lanham Act: 15 U.S.C. § 1116 against all Defendants)**

61.     Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and willfully copied and are using Plaintiff's Trademarks, and

10
COMPLAINT

Case No. _____

likeness on the internet and in social media in an attempt to harm Plaintiff and offer similar services to Plaintiff. Plaintiff is further informed and believes, and based thereon alleges, that Defendants copied Plaintiff's marks for the specific purposes of infringing upon Trademarks and falsely designating its services with Plaintiff. Additionally, Plaintiff believes that Defendants are representing that they are associated with, sponsored by, approved by and/or condoned by Plaintiff.

63.     Unless enjoined by this Court, Defendants will continue their course of conduct, wrongfully advertising, using, infringing upon and otherwise using Plaintiff's Trademarks and similar services. As a direct and proximate result of the acts of Defendants, Plaintiff will suffer irreparable damage and will sustain lost revenue by way of lost funding. Plaintiff will lose the benefit of the advertising and goodwill for which Plaintiff has expended large sums of money, time and effort promoting during the past years, and Plaintiff will also lose members and support due to the diversion by the Defendants.

64.     Plaintiff has no adequate remedy at law to address all of the injuries Defendants have caused, and intend to cause by their conduct. Plaintiff will suffer irreparable damage and sustain loss of revenue until Defendants' actions alleged herein are enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief against all Defendants)

65.     Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66.     An actual and justifiable controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties.

67.     Defendants deny all of Plaintiff's contentions. Therefore, Plaintiff requests a judicial determination of its' rights and duties and a declaration as to which party's contentions are correct. A judicial determination is necessary and appropriate

at this time so that Plaintiff may stop Defendants from further disseminating and infringing upon its' protected Trademarks and that the pending trademarks which include the names of Defendants BULIS, PAPCIAK and THOMPSON are abandoned or assigned to Plaintiff. These marks include United States Patent and Trademark Office Serial Numbers 90157154 for BREAKINGCODESILENCE and 90208204 for BREAKING CODE SILENCE.

68.     Plaintiff is entitled to a declaratory judgment that Defendants do not have the right to use the mark BREAKING CODE SILENCE, BCS or #breakingcodesilence or anything similar as marks for their services.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition California Business and Professions Code § 17200 *et seq.* against all Defendants)**

69.     Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.     This is a cause of action under California state law pursuant to the Business and Professions Code § 17200 *et seq.*

71.     While continuously using its Trademarks and providing services to survivors, Plaintiff has developed valuable goodwill in its Trademarks and services, which have come to be associated exclusively with Plaintiff's nonprofit business by the general public throughout the United States.

72.     At all times herein mentioned, Defendants had actual knowledge of the existence of Plaintiff's use its Trademarks and services.

73.     Defendants are attempting to provide services which are deceptively similar to Plaintiff's services and using Infringing Marks to do this. Additionally, Defendants are making negative and false posts on internet social media sites all with the intent to harm Plaintiff and unfairly compete with Plaintiff. The use of this deceptively similar name by Defendants caused and will continue to cause the public,

prospective customers, creditors, suppliers and others to confuse Plaintiff with Defendants and vice versa. Plaintiff has made demands on Defendants to cease and desist using the Infringing Marks and to cease making negative, false and confusing comments. Defendants continue to use the Infringing Marks and make statements despite Plaintiff's demands and will continue such use unless enjoined by this Court.

74. Defendants are attempting to provide essentially the same type of services as Plaintiff. Defendants are attempting to provide these services and falsely passing themselves off as Plaintiff on the internet to survivors of child abuse and using Infringing Marks to do so. Defendants' Infringing Marks are identical to Plaintiff's Trademarks, and Defendants' use of the Infringing Marks and false statements creates a likelihood that Plaintiff's current customers, potential customers, and the general public will be confused or misled as to the source of services because Defendants' business is identical to or appears to be affiliated with Plaintiff.

75. Defendants' conduct amounts to unfair competition prohibited by the California Business and Professions Code.

76. Defendants are using, and unless restrained, will continue to use the Infringing Marks and make false and negative statements. As a result, the general public will be misled and deceived into believing that Defendants are Plaintiff or that there is an affiliation with Plaintiff, all to the irreparable injury of Plaintiff's nonprofit business and goodwill, and to the unjust enrichment of Defendants. Plaintiff has no adequate remedy at law because it is extremely difficult to ascertain the damage proximately caused to Plaintiff's nonprofit business and goodwill.

## SIXTH CLAIM FOR RELIEF

**(Conversion against Defendants BULIS, WALKER, PAPCIAK and THOMPSON)**

77. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78. Plaintiff is the rightful owner of its Instagram account, its G Suite

accounts, its Facebook Page, its Twitter account, and its Squarespace account ("Accounts").

79.    Defendants as set forth above have taken Plaintiff's Accounts and are refusing to return them despite numerous requests.

80.    Plaintiff demanded return on and Defendants have failed to respond to any of the demands.

81.    Defendants have intentionally and substantially interfered with Plaintiff's property by taking possession of the Accounts and/or preventing Plaintiff's from having access to the Instagram Account, GSuite, Squarespace Account, Twitter account, Facebook Page, and authentication codes for these accounts.

82.    Plaintiff did not consent to Defendants taking possession of the Accounts.

83.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## SEVENTH CLAIM FOR RELIEF

**(Tortious Interference with Prospective Economic Relations against Defendant**

**Chelsea Papciak)**

84.    Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 83 of this Complaint as if fully set forth herein.

85.    At all times relevant hereto Plaintiff was in a precontractual economic relationship with the Hilton Foundation for support and funding to be provided to Plaintiff for its nonprofit services.

86.    Defendant PAPCIAK knew of the prospective contract between BCS and the Hilton Foundation.

87.    Defendant PAPCIAK intended to and did disrupt the performance of the contract and the economic relationship between Plaintiff and the Hilton Foundation by engaging in the conduct alleged herein, including contacting the Hilton Foundation and demanding that the Hilton Foundation not provide a grant to BCS.

88.    Defendant PAPCIAK's conduct resulted in harm to Plaintiff by

DOCS 129929-00000002/4483366.4

jeopardizing the potential contract from being consummated and by causing performance under the potential contract and the economic relationship between the Hilton Foundation and BCS to be more expensive and difficult.

89.    As a result of Defendant PAPCIAK's act as aforesaid, Plaintiff suffered damages as described herein.

90.    The aforementioned act of Defendant PAPCIAK was willful and malicious in that Defendant PAPCIAK engaged in said conduct with intent to cause Plaintiff harm and with conscious disregard for the rights of Plaintiff.  Plaintiff is therefore entitled to punitive damages.

## EIGHTH CLAIM FOR RELIEF

### (False Light Against all Defendants)

91.    Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92.    Plaintiff is dedicated to providing high quality service to its survivors and customers.

93.    Defendants have created and posted on social media, and made statements which use Plaintiff's Trademarks, make false statements about Plaintiff and are negative in nature in order to deceive the public including survivors, business affiliates and donors. Defendants have made untrue and sometimes slanderous statements about Plaintiff and its officers and board members to multiple third parties and vendors, some of which have caused one of Plaintiff's board members and her wife to be harassed.

94.    Defendants have offended Plaintiff's nonprofit business reputation, effectively limiting its business opportunities with potential clients, donors and the public that it serves.

95.    A reasonable business person, donor or potential client would identify Defendants' social media posts and statements with Plaintiff.

DOCS 129929-00000002/4483366.4

96.    The potential misrepresentations and/or lack of customer response by Defendants will make it appear as though Plaintiff is inattentive to its high-quality standards and high customer service and thus producing poor services.   Persons seeking these services will think little of Plaintiff as a result of Defendants' false misrepresentation.   In fact, the Public has already been fooled by some of Defendants' false statements.   Such a result is highly offensive to an ordinary business person, and, as a result, BCS's professional reputation and nonprofit business opportunities were and will be diminished.

97.    As a direct and proximate result of Defendants' unlawful conduct Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

98.    Defendants' conduct described herein was done with a conscious disregard of BCS's rights and with an intent to vex, injure, or annoy BCS, such as to constitute oppression, fraud, and malice under California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

## NINTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage

### Against All Defendants)

99.    Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 98 of this Complaint as if fully set forth herein.

100.    Plaintiff prides itself on high customer service and quality services.

101.    Plaintiff is informed and believes that Defendants know that BCS is engaged in the business of providing services to survivors of institutional child abuse. Defendants also have knowledge of the terms and conditions of the relationship between Plaintiff and their clients.

102.    Despite said knowledge, Defendants have maliciously and wrongfully

DOCS 129929-00000002/4483366.4

obstructed and interfered with BCS's business relationships with its customers by passing themselves off as BCS and making false statements about BCS.

103.   BCS is organized to derive its revenue from grantors and donors as a result of its good reputation.  BCS also connects with its target community of survivors through its good reputation and word of mouth.  Once a donor or survivor comes to BCS they will generally continue to use BCS for these needs.  BCS reasonably relies on this return business for much of its revenue and also to carry out its nonprofit mission.  BCS's ability to receive the grants and donations it needs to help survivors and further its charitable purposes come from these relationships, which have been and will be directly affected by Defendants' interference with Plaintiff's grantors, donors, survivors and the general public.

104.   As a direct and proximate result of Defendants' unlawful conduct, BCS will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

105.   Defendants' conduct described herein was done with conscious disregard of Plaintiff's rights and with intent to vex, injure and annoy BCS, such as to constitute oppression, fraud and malice under California Civil Code Section 3294 entitling Plaintiff to punitive damages in the amount appropriate to punish or set an example of Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

**ON THE FIRST AND SECOND CAUSES OF ACTION**

1.   That Defendants be adjudged to have infringed on Plaintiff's Trademarks in violation of federal law;

2.   For actual damages according to proof at trial;

3.   For damages for lost revenue and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;

DOCS 129929-00000002/4483366.4

4.      For treble damages for willful infringement pursuant to 15 U.S.C. § 1117(b);

5.      Injunctive relief to prevent ongoing infringement and unfair competition; and

6.      For such other and further relief as the Court deems just and proper.

**ON THE THIRD AND FOURTH CAUSES OF ACTION:**

1.      That Defendants, their agents, servants, officers, directors, employees, representatives and each of them, be enjoined during the pendency of this action and permanently thereafter from using the Infringing Marks in any manner, and from the following activities:

        a.      Soliciting and/or providing services bearing Plaintiff's Trademarks or confusingly similar marks;

        b.      Publishing or distributing advertisements or articles using Plaintiff's Trademarks; and

        c.      Making posts on social media or other internet platforms using Plaintiff's Trademarks or confusingly similar marks.

2.      Declaring that Defendants have no trademarkable interest in the pending Applications for USPTO SNs. 90157154 and 90208204.

3.      Invalidating or assigning the pending trademark applications to Plaintiff.

4.      Enjoining Defendants, preliminarily and permanently, from interfering with Plaintiff's possession and use of its Trademarks or any similar marks.

5.      For such other and further relief as the Court deems just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

1.      For general and special damages in a sum according to proof at trial;

2.      For an award of damages equal to the revenue realized from Defendants' conduct, as alleged;

3.      For costs of suit incurred herein;

18
COMPLAINT

Case No. _____

1      4.      For any revenue obtained by Defendants;

2      5.      For attorneys' fees, costs, and prejudgment interest; and

3      6.      For such other and further relief as the Court deems just and proper.

4  **ON THE SIXTH CAUSE OF ACTION:**

5      1.      For the return of the Plaintiff's Instagram account at

6  https://www.instagram.com/breakingcodesilence/.

7      2.      For the return of Plaintiff's Facebook Page at

8  https://www.facebook.com/breakingcodesilencemovement.

9      3.      For the return of Plaintiff's Gmail account

10  breakingcodesilence@gmail.com

11      4.      For the return of Plaintiff's Square space hosting account for

12  breakingcodesilence.net.

13      5.      For the return of Plaintiff's GSuite account for

14  info@breakingcodesilence.net and inquiries@breakingcodesilence.net.

15      6.      For the return of Plaintiff's Twitter account at

16  https://www.twitter.com/breakingcodesi3

17      7.      For monetary damages to compensate for the loss of these Accounts and

18  access to the same.

19      8.      For Attorney's Fees; and

20      9.      For such other and further relief as the Court deems just and proper.

21  **ON THE SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION:**

22      1.      For general and special damages in a sum according to proof at trial;

23      2.      For an award of damages equal to the revenue realized from Defendants'

24  conduct, as alleged;

25      3.      For prejudgment interest thereon according to law;

26      4.      For punitive damages pursuant to Civil Code § 3294;

27      5.      For costs of suit incurred herein;

28

19

COMPLAINT

Case No. _____

6.     For Attorney's Fees; and

7.     For such other and further relief as the Court deems just and proper.

DATED: May 13, 2021                    PROCOPIO, CORY, HARGREAVES &
                                       SAVITCH LLP


                                       By:  s/Lisel M. Ferguson
                                            Lisel M. Ferguson
                                            Tiffany Salayer
                                            Attorney for Plaintiff
                                            BREAKING CODE SILENCE

20
COMPLAINT

Case No. _____

DOCS 129929-00000002/4483366.4