Michael W. Jacobs (SBN 174885)
Mjacobslaw12@gmail.com
Janine R. Menhennet (SBN 163501)
jmenhennetlaw@gmail.com
**THE LAW OFFICES OF MICHAEL W. JACOBS**
11353 Meadow View Road
El Cajon, California 92020
Phone: (619) 277-0461

*Counsel for Defendant* JENNIFER WALKER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE, a California Public Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHELSEA PAPCIAK aka FILER, an individual; JENNIFER WALKER, an individual; JENNA BULIS, an individual; MARTHA THOMPSON, an individual, and BREAKING CODE SILENCE, INC., a Florida Corporation,<br><br>Defendants. | Case No.: 21-cv-0918-BAS-DEB<br><br>**Assigned to Hon. Cynthia A. Bashant and Magistrate Judge Daniel E. Butcher**<br><br>**DEFENDANT JENNIFER WALKER'S ANSWER TO COMPLAINT**<br><br>Action Filed: May 13, 2021<br>Trial Date: None Set |

Defendant JENNIFER WALKER, an individual, answers the Complaint as follows:

Defendant JENNIFER WALKER ("Walker"), answering for herself as an individual, reserves the right to raise additional affirmative defenses and/or submit such at trial, which are subsequently discovered through the discovery process and denies any allegations of the Complaint not specifically admitted herein.

## JURISDICITON AND VENUE

1. Answering paragraph one, the allegations consist of statements of law to which an answer is not required.

2. Answering paragraph two, Walker admits the allegations.

3. Answering paragraph three, Walker denies that the Court has personal jurisdiction over Walker, who is not a resident or domiciliary of California. Walker lacks information as to the remaining named Defendants and on that basis, denies them.

4. Answering paragraph four, Walker lacks information to admit or deny the allegations and on that basis, denies them.

## PARTIES

5. Answering paragraph five, Walker lacks information to admit or deny the allegations, and on that basis, denies them.

6. Answering paragraph six, Walker lacks information and denies the allegations on that basis.

7. Answering paragraph seven, Walker admits the allegations.

8. Answering paragraph eight, Walker lacks information to admit or deny the allegations, and on that basis, denies them.

9. Answering paragraph nine, Walker lacks information to admit or deny the allegations, and on that basis, denies them.

---

**DEFENDANT JENNIFER WALKER'S ANSWER TO COMPLAINT**
Case No. 21-cv-0918-BAS-DEB

10. Answering paragraph ten, Walker lacks information to admit or deny the allegations, and on that basis, denies them.

11. Answering paragraph eleven, Walker denies that she has substantial contacts with California, and denies that she has participated in any acts or events occurring in the Southern District of California.

## FACTS

12. Answering paragraph twelve, Walker lacks information to admit or deny the allegations, and on that basis, denies the allegations.

13. Answering paragraph thirteen, Walker lacks information to admit or deny the allegations, and on that basis, denies the allegations.

14. Answering paragraph fourteen, Walker lacks information to admit or deny the allegations, and on that basis, denies the allegations.

15. Answering paragraph fifteen, Walker lacks information to admit or deny the allegations, and on that basis, denies the allegations. Walker is unaware who has ownership of the website breakingcodesilence.net since her exit from the organization in March, 2021.

16. Answering paragraph sixteen, Walker admits the allegations.

17. Answering paragraph seventeen, Walker admits the allegations.

18. Answering paragraph eighteen, Walker admits the allegations.

19. Answering paragraph nineteen, Walker lacks personal knowledge of the allegations, and on that basis, denies them.

20. Answering paragraph twenty, Walker lacks personal knowledge of the allegations, and on that basis, denies them.

21. Answering paragraph twenty-one, Walker lacks any personal knowledge to admit or deny any allegations regarding trademark use or registration, and on that basis, denies those allegations. Walker admits that Breaking Code Silence has

been in use since approximately 2013 by various individuals, which may or may not include Plaintiff.

22.     Answering paragraph twenty-two, Walker lacks any personal knowledge to admit or deny any allegations regarding the Facebook page referenced in this paragraph. On that basis, Walker denies the allegations.

23.     Answering paragraph twenty-three, Walker denies the allegations. The initial use of the marks and ownership by Plaintiff or Defendants is in dispute.

24.     Answering paragraph twenty-four, Walker admits the allegations. Walker does not participate in the organization at all, since March 19, 2021.

25.     Answering paragraph twenty-five, Walker denies the allegations. Walker publicly separated from BCS on March 19, 2021, and ceased possession of, control of, or activity on, any BCS platform, including squarespace, facebook, googledrive, Slack, phone numbers, and websites. Walker has not used any marks, nor has access to the use of any marks, since March 19, 2021. Walker ceded all access to all platforms as of March 17, 2021.

26.     Answering paragraph twenty-six, Walker has no personal knowledge regarding the allegations, and on that basis, denies them.

27.     Answering paragraph twenty-seven, Walker has no personal knowledge regarding the allegations, and on that basis, denies them.

28.     Answering paragraph twenty-eight, Walker denies the allegations as to herself. Walker has no access to, authority over, or association with any BCS platform. As to other defendants, Walker has no personal knowledge regarding the allegations, and on that basis, denies them.

29.     Answering paragraph twenty-nine, Walker, on behalf of herself only, denies all allegations. Walker has no authority over or access to any BCS Facebook page, nor has she posted any comments on any Facebook site regarding BCS since her departure in March, 2021. Walker has not made any statements regarding BCS since her separation, on Facebook or regarding any legislation.

30. Answering paragraph thirty, Walker, on behalf of herself only, denies all allegations. Walker has no control over any WWASP Survivor Facebook group. She has not allowed, participated in, or encouraged any posts or comments regarding BCS, since her departure in March, 2021.

31. Answering paragraph thirty-one, Walker, on behalf of herself only, denies all allegations. Walker does not hold two-factor authentication codes for any BCS Instagram domain, as she separated herself from this account and ceded access to all accounts in March, 2021.

32. Answering paragraph thirty-two, Walker, on behalf of herself only, denies all allegations. Walker has not had access to the G Suite administration account since her departure from BCS on or about March 19, 2021.

33. Answering paragraph thirty-three, Walker lacks information to admit or deny the allegations, and on that basis, denies them.

34. Answering paragraph thirty-four, Walker denies the allegations.

35. Answering paragraph thirty-five, Walker lacks information to admit or deny the allegations, and on that basis, denies them.

36. Answering paragraph thirty-six, Walker lacks information to admit or deny the allegations, and on that basis, denies them.

37. Answering paragraph thirty-seven, Walker, answering for herself only, denies the allegations. Walker has made no Facebook postings with respect to BCS since her public separation on or about March 19, 2021.

38. Answering paragraph thirty-eight, Walker denies the allegations. Walker has made no postings since her public exit on March 19, 2021.

39. Answering paragraph thirty-nine, Exhibit G contains no allegations regarding Walker, and on that basis, Walker denies the allegations. Further, Walker denies the allegations with respect to what "causes the public" to do anything.

40. Answering paragraph forty, Walker, answering for herself only, denies the allegations. Walker has not made any representations on social media regarding BCS since her public separation on March 19, 2021. Walker also denies that there are any references to her in the incorporated Exhibit H.

41. Answering paragraph forty-one, Walker lacks personal knowledge to admit or deny the allegations, and on that basis, denies them.

42. Answering paragraph forty-two, Walker, on behalf of herself, denies all allegations.

43. Answering paragraph forty-three, Walker, on behalf of herself, admits that she received a cease and desist letter. Walker denies all other allegations.

# FIRST CAUSE OF ACTION
### (Trademark Infringement: 15 U.S.C. §1125 against all Defendants)

44. Answering paragraph forty-four, Walker incorporates the answers to paragraphs one through forty-three.

45. Answering paragraph forty-five, the allegations consist of statements of law to which an answer is not required.

46. Answering paragraph forty-six, Walker lacks personal knowledge of the allegations contained therein and on that basis, denies the allegations.

47. Answering paragraph forty-seven, Walker, answering for herself, denies the allegations.

48. Answering paragraph forty-eight, Walker, answering for herself, denies the allegations. Plaintiff has no marks and is not using any marks.

49. Answering paragraph forty-nine, Walker denies the allegations. Walker does not compete in any market space.

50. Answering paragraph fifty, Walker denies the allegations. Walker does not offer any services.

51. Answering paragraph fifty-one, Walker denies all allegations. Walker has no marks and does not use any.

52. Answering paragraph fifty-two, Walker lacks personal knowledge of the allegations contained therein, and on that basis, denies the allegations.

53. Answering paragraph fifty-three, Walker denies all allegations.

54. Answering paragraph fifty-four, Walker denies all allegations.

55. Answering paragraph fifty-five, Walker denies all allegations. Walker has not engaged in any "conduct" which is the subject of this complaint.

56. Answering paragraph fifty-six, Walker lacks personal knowledge of the allegations contained therein, and on that basis, denies the allegations.

## SECOND CAUSE OF ACTION
### (Unfair Competition Under Lanham Act: 15 U.S.C. §1125(a) against all Defendants)

57. Answering paragraph fifty-seven, Walker incorporates the answers to paragraphs one through fifty-six.

58. Answering paragraph fifty-eight, Walker lacks personal knowledge of the allegations contained therein, and on that basis, denies the allegations.

59. Answering paragraph fifty-nine, Walker, answering for herself, denies all allegations. Walker provides no services.

60. Answering paragraph sixty, Walker lacks personal knowledge of the allegations contained therein, and on that basis, denies the allegations.

## THIRD CAUSE OF ACTION
### (Injunctive Relief Under Lanham Act: 15 U.S.C. § 1116 against all Defendants)

61. Answering paragraph sixty-one, Walker incorporates the answers to paragraphs one through sixty.

62. Answering paragraph sixty-two, Walker, answering for herself, denies all allegations in this paragraph. Walker has not used any trademark or offered any services. Walker publicly denied any association with Plaintiff beginning March 19, 2021. (See Exhibit F to Complaint.)

63. Answering paragraph sixty-three, Walker denies the allegations.

64. Answering paragraph sixty-four, Walker lacks personal knowledge of the allegations contained therein, and on that basis, denies the allegations.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief against all Defendant)

65. Answering paragraph sixty-five, Walker incorporates the answers to paragraphs one through sixty-four.

66. Answering paragraph sixty-six, Walker denies that there is any controversy between herself and Plaintiff as she has no connection to any controversy which may exist.

67. Answering paragraph sixty-seven, Walker, answering for herself, admits that she denies all of Plaintiff's contentions. Walker denies all other allegations.

68. Answering paragraph sixty-eight, Walker denies the allegations.

## FIFTH CAUSE OF ACTION
### (Unfair Competition California Business and Professions Code §17220 *et seq.* against all Defendants)

69. Answering paragraph sixty-nine, Walker incorporates the answers to paragraphs one through sixty-eight.

70. Answering paragraph seventy, the allegations consist of statements of law to which an answer is not required.

71. Answering paragraph seventy-one, Walker denies the allegations.

72. Answering paragraph seventy-two, Walker denies the allegations.

---

**DEFENDANT JENNIFER WALKER'S ANSWER TO COMPLAINT**
Case No. 21-cv-0918-BAS-DEB

73. Answering paragraph seventy-three, Walker admits that she received a cease and desist letter. Walker denies all other allegations.

74. Answering paragraph seventy-four, Walker denies all allegations.

75. Answering paragraph seventy-five, Walker denies all allegations.

76. Answering paragraph seventy-six, Walker denies all allegations.

## SIXTH CAUSE OF ACTION
### (Conversion against Defendant BULIS, WALKER, PAPCIAK and THOMPSON)

77. Answering paragraph seventy-seven, Walker incorporates the answers to paragraphs one through seventy-six.

78. Answering paragraph seventy-eight, the allegations consist of statements of law to which an answer is not required.

79. Answering paragraph seventy-nine, Walker denies all allegations.

80. Answering paragraph eighty, Walker denies all allegations.

81. Answering paragraph eighty-one, Walker denies all allegations.

82. Answering paragraph eighty-two, Walker denies taking possession of any of Plaintiff's accounts, and on that basis, denies all allegations.

83. Answering paragraph eighty-three, Walker denies all allegations.

## SEVENTH CAUSE OF ACTION
### (Tortious Interference with Prospective Economic Relations against Defendant Chelsea Papciak)

84. Answering paragraph eighty-four, Walker incorporates the answers to paragraphs one through eighty-three.

85. Answering paragraph eighty-five, Plaintiff makes no allegations against Walker in this cause of action, and on that basis, it requires no answer from Walker.

---

**DEFENDANT JENNIFER WALKER'S ANSWER TO COMPLAINT**
Case No. 21-cv-0918-BAS-DEB

86. Answering paragraph eighty-six, Plaintiff makes no allegations against Walker in this cause of action, and on that basis, it requires no answer from Walker.

87. Answering paragraph eight-seven, Plaintiff makes no allegations against Walker in this cause of action, and on that basis, it requires no answer from Walker.

88. Answering paragraph eight-eight, Plaintiff makes no allegations against Walker in this cause of action, and on that basis, it requires no answer from Walker.

89. Answering paragraph eight-nine, Plaintiff makes no allegations against Walker in this cause of action, and on that basis, it requires no answer from Walker.

90. Answering paragraph eight-seven, Plaintiff makes no allegations against Walker in this cause of action, and on that basis, it requires no answer from Walker.

## EIGHTH CAUSE OF ACTION
**(False Light Against all Defendants)**

91. Answering paragraph ninety-one, Walker incorporates the answers to paragraphs one through ninety.

92. Answering paragraph ninety-two, Walker lacks personal knowledge of the allegations contained therein, and on that basis, denies the allegations.

93. Answering paragraph ninety-three, Walker denies all allegations.

94. Answering paragraph ninety-four, Walker denies all allegations.

95. Answering paragraph ninety-five, Walker denies all allegations.

96. Answering paragraph ninety-six, Walker denies all allegations.

97. Answering paragraph ninety-seven, Walker denies all allegations.

98. Answering paragraph ninety-eight, Walker denies all allegations.

---

**DEFENDANT JENNIFER WALKER'S ANSWER TO COMPLAINT**
**Case No. 21-cv-0918-BAS-DEB**

# NINTH CAUSE OF ACTION

## (Intentional Interference with Prospective Economic Advantage Against all Defendants)

99. Answering paragraph ninety-nine, Walker incorporates the answers to paragraphs one through ninety-eight.

100. Answering paragraph one hundred, Walker lacks personal knowledge regarding what Plaintiff prides itself in, and on that basis, denies the allegations.

101. Answering paragraph one hundred one, Walker denies the allegations, as Walker lacks personal knowledge regarding what services Plaintiff is providing, or who Plaintiff's clients are.

102. Answering paragraph one hundred two, Walker denies all allegations.

103. Answering paragraph one hundred three, Walker lacks personal knowledge regarding BCS' business or why its clients provide their business to it.  Walker also lacks personal knowledge regarding what BCS relies upon.

104. Answering paragraph one hundred four, Walker denies all allegations.

105. Answering paragraph one hundred five, Walker denies all allegations.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Walker alleges that Plaintiff has failed to state a claim upon which relief can be granted as against herself.

## SECOND AFFIRMATIVE DEFENSE

Walker alleges that Plaintiff failed to mitigate its damages and to the extent of this failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

---

**DEFENDANT JENNIFER WALKER'S ANSWER TO COMPLAINT**
Case No. 21-cv-0918-BAS-DEB

Walker alleges that Plaintiff faces no threat of future irreparable harm with respect to Walker's conduct and injunctive relief is moot and not a remedy available to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Walker alleges that this claim is barred by the equitable doctrines of estoppel, waiver, laches, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Walker is informed and believes and thereupon alleges that some or all of Plaintiff's claims against Walker for relief are moot and this Court therefore lacks jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

Walker alleges that Plaintiff lacks standing to pursue its claims in this Court.

### SEVENTH AFFIRMATIVE DEFENSE

Walker alleges that any award of punitive damages sought by Plaintiff would violate the due process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.  Also, Walker has not taken any action or made any omission which would justify the imposition of any damages in this case, including exemplary damages.

### EIGHTH AFFIRMATIVE DEFENSE

Walker alleges that any injuries or damages alleged by Plaintiff were the result of new, independent, intervening or superseding causes that are unrelated to any conduct of Walker.  Any action on the part of Walker was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

### NINTH AFFIRMATIVE DEFENSE

Walker alleges that people or entities other than Walker caused or contributed to the damages Plaintiff claims to have suffered.  Therefore any award made in favor of Plaintiff in this case must be reduced by the amount equal to the

percentage of fault of other in causing or contributing to the damages alleged in the complaint.

### TENTH AFFIRMATIVE DEFENSE

Walker alleges that Plaintiff's complaint is barred, or any recovery is reduced, by the doctrine of after-acquired evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

Walker alleges that Plaintiff's complaint is barred because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant Walker.

### TWELFTH AFFIRMATIVE DEFENSE

Walker alleges that Plaintiff was not injured by any conduct of Walker's.

### THIRTEENTH AFFIRMATIVE DEFENSE

Walker alleges that Plaintiff has no personal jurisdiction over her.

### FOURTEENTH AFFIRMATIVE DEFENSE

Walker presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated defenses available, and therefore reserves the right to plead additional affirmative defenses as the evidence will support.

WHEREFORE, Walker prays for judgment as follows:
1. For dismissal of Plaintiff's complaint with prejudice as against Walker;
2. That Plaintiff take nothing by this action as against Walker;
3. That judgment be entered in the Defendant Walker's favor;
4. That Walker recover her costs in this proceeding, including reasonable attorneys' fees; and

---

**DEFENDANT JENNIFER WALKER'S ANSWER TO COMPLAINT**
Case No. 21-cv-0918-BAS-DEB

5. That the Court grants such other and further relief as it deems appropriate.

**JURY TRIAL DEMANDED.**

Dated: 6/14/21                          */s/ Janine R. Menhennet*
                                        Janine R. Menhennet
                                        jmenhennetlaw@gmail.com
                                        *Counsel for Defendant* Jennifer Walker

---