# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHELSEA PAPCIAK, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-00918-BAS-DEB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT JENNIFER WALKER'S REQUEST TO STRIKE THE SECOND AMENDED COMPLAINT (ECF No. 24);**<br><br>**(2) DENYING PLAINTIFF'S REQUESTS TO ENTER DEFAULT (ECF Nos. 27–31);**<br><br>**(3) DENYING AS MOOT DEFENDANT MARTHA THOMPSON'S MOTION TO DISMISS (ECF No. 15)** |

　　　Plaintiff filed a Second Amended Complaint ("SAC") on June 23, 2021. (ECF No. 19.) On July 9, 2021, Defendant Jennifer Walker objected to the filing of the SAC because she neither consented to the filing nor did Plaintiff seek leave of court. (Obj., ECF No. 24.) She states she provided only "conditional consent" to be "provided upon Plaintiff's performance of subsequent conditions, to which Plaintiff did not agree." (*Id.*)

　　　Plaintiff has responded to Defendant Walker's objection and provided email communications showing that counsel for Defendant Walker, Michael Jacobs, consented without condition to the filing of the SAC. (Ex. A to Pl.'s Resp. to Obj. at 1 ("I just spoke extensively with Mr. Stilwell and have no objection to your filing a Second Amended Complaint."), ECF No. 26-1.) Plaintiff's counsel had previously stated to Mr. Jacobs that she would seek leave of court to file the SAC if he did not consent to its filing. (*Id.* at 2.) Further, Plaintiff has demonstrated that written consent was received by counsel

representing the other three individual defendants in this action.  (Ex. B to Pl.'s Resp. to Obj. at 1, ECF No. 26-2.)

Federal Rule of Civil Procedure 15(a)(1) permits amendment as a matter of course only once.  Any further amendment may be made only "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Plaintiff had obtained all opposing parties' written consent prior to filing the SAC.  Perplexingly, Defendant Walker claims that Civil Local Rule 15.1(b) requires "that further amendments must be made by noticed motion, ev[en] if it is done jointly."  (Obj. at 1.)  The rule does not require this.  It states only that a motion to amend must attach the proposed amended complaint and a redlined version showing the changes made.  CivLR 15.1(b).

Defendant Walker has also filed an objection to Plaintiff's Request for Entry of Default because her objection to the filing of the SAC is pending and she has already appeared in the case. (ECF No. 32.)  Because the Court now finds the objection to the SAC meritless, Defendant Walker's argument is moot.  However, because Defendant Walker previously filed an Answer to the First Amended Complaint and has been active (although dilatory) in her defense, the Court finds that the record would counsel against entry of default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (enumerating factors); *cf. Diamond v. Cty. of Riverside*, No. ED CV 14-01922-VBF, 2015 WL 11215850, at *6 (C.D. Cal. Nov. 5, 2015) (finding that where entry of default "would be futile and would waste the resources of both the court and the parties[,] . . . it is more just, and more efficient, not to enter default . . . in the first instance."); *Lopez v. Trendacosta*, No. LA CV 14-05406 JAK, 2014 WL 6883945, at *12 (C.D. Cal. Dec. 4, 2014) (denying request to enter default where it "could not form the basis for a subsequent entry of default judgment," even though entry of default was mandatory under Rule 55(a)).  Further, the Court is mindful that in circumstances where multiple defendants are alleged to be jointly liable, assert closely related defenses, or are otherwise similarly situated, courts should not enter default as to one defendant where it is likely to be inconsistent with a judgment on the

merits as to other defendants.  *See In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

Accordingly, the Court finds as follows:

(1) Plaintiff has sufficiently shown, under Rule 15(a)(2), that all Defendants consented in writing to the submission of the SAC.  Thus, Defendant Walker's objection to the filing of the SAC (ECF No. 24), which the Court construes as a motion to strike, is **DENIED**.

(2) The Clerk is instructed to **DENY** Plaintiff's requests to enter default against all Defendants.  Each Defendant shall have until **August 2, 2021** to file a response to the SAC.  If Defendants fail to timely comply, Plaintiff may renew its requests for entry of default.

(3) Because the SAC is the operative pleading, Defendant Martha Thompson's Motion to Dismiss the First Amended Complaint (ECF No. 15) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: July 19, 2021**

Hon. Cynthia Bashant
United States District Judge