1  Lisel M. Ferguson (Bar No. 207637)
   Lisel.Ferguson@procopio.com
2  Tiffany Salayer (Bar No. 226189)
   Tiffany.Salayer@procopio.com
3  PROCOPIO, CORY, HARGREAVES &
      SAVITCH LLP
4  525 B Street, Suite 2200
   San Diego, CA 92101
5  Telephone: 619.238.1900
   Facsimile: 619.235.0398
6
   Attorneys for BREAKING CODE SILENCE
7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | BREAKING CODE SILENCE, a California Public Benefit Corporation, | Case No. 21-cv-0918-BAS-DEB |
|---|---|---|
| 12 | | **PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE EXTRINSIC EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE PURSUANT TO FRCP 12(B)(6), (F)** |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | CHELSEA PAPCIAK aka FILER, an individual; JENNIFER WALKER, an individual; JENNA BULIS, an individual; MARTHA THOMPSON, an individual; and BREAKINGCODESILENCE, INC., a Florida Profit Corporation., | |
| 16 | | |
| 17 | | Date:   September 13, 2021<br>Dept:   4B<br>Judge:  Hon. Cynthia A. Bashant |
| 18 | Defendants. | |

19

20     Plaintiff BREAKING CODE SILENCE ("BCS" or "Plaintiff") hereby objects

21  to and moves to strike the evidence introduced by Defendants Martha Thompson,

22  Jenna Bulis, Chelsea Filer, and BREAKINGCODESILENCE, INC. in Support of their

23  Motion to Dismiss and Strike, on the following grounds.

24                          **I. INTRODUCTION**

25     Defendants requested this Court take judicial notice of three documents in

26  connection with their motion to dismiss. (Dkt. 36-5.) As to two of those documents,

27  Exhibits A and B, Defendants claim that they are public records and are therefore the

28

proper subject for judicial notice. (Dkt. 36-5 2:18-20.) Defendants provide no basis for the third document they requested the Court take judicial notice of nor for the other extrinsic information submitted with their Motion to Dismiss. None of the information is appropriate for the truth of the matter asserted and Defendants attempt to rely on information outside the four corners of the SAC is inappropriate and should not be allowed as it is well established that questions of fact cannot be resolved or determined on a 12(b)(6) motion to dismiss. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990).

## II. ARGUMENT

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); see *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

Judicial notice is defined and limited under Federal Rule of Evidence 201(b), to what is **not** subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also *Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed matters of public record), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002)). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."

*Lee*, 250 F.3d at 689 (quotation marks and citation omitted).  But a court cannot take judicial notice of disputed facts contained in such public records.  *Id.*

Accuracy is only part of the inquiry under Rule 201(b).  A court must also consider and identify which fact or facts it is noticing.  "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3 988, 999–1000 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, –––U.S. ––––, 139 S. Ct. 2615, 204 L.Ed.2d 264 (2019).  It is improper to judicially notice a document when the substance of the document "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes."  *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).

While Defendants claim the information is relevant it is not relevant to their Motion to Dismiss as the Court cannot resolve questions of fact at this stage of the proceeding.  The Court should strike and/or deny Defendants' request for judicial notice and the extrinsic evidence submitted with their Motion as it does not conform to the standards for judicial notice nor do Defendants move under any other basis, including but not limited to Rule 54(a), which may permit consideration of evidence beyond the pleadings.

**A.    Defendants' Extrinsic Evidence Should be Stricken.**

Defendants request this Court take judicial notice of three documents in connection with their motion to dismiss. (Dkt. 36-5.)  As to two of those documents, Exhibits A and B, Defendants claim that they are public records and are therefore the proper subject for judicial notice.  (Dkt. 36-5 2:18-20.)  Defendants provide no basis for the third document they request the Court take judicial notice of nor for the other extrinsic information submitted with their Motion to Dismiss.

Defendants' Exhibit A to their Request for Judicial Notice ("RJN") is a printout of TESS Registry Entries (as described by Defendants).  (Dkt. 36-5 2:4-8.)  While

3

PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE EXTRINSIC EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE

129929-00000003/5329713.4                                                          CASE NO. 21-CV-0918-BAS-DEB

materials in the online files of the USPTO are normally proper subjects of judicial notice, Defendants have not requested the court take judicial notice of the "File History" downloaded from USPTO website, but limited information from screen shots of the TESS Registry Entries. Defendants claim this document controverts Plaintiff's claims on the face of the complaint. (Dkt. 36-1 13:4-7.) Plaintiff disagrees as contrary to Defendants' claims the document does not show a registration at all. Contrary to Defendants' claims the TESS Registry Entries supports Plaintiff's claim in its SAC that Plaintiff applied for the mark claiming rights that date back to 2010. (Dkt. 36-5 Record 2 out of 5.) Plaintiff objects to the Court taking judicial notice of Exhibit A as there is no fact established by the TESS Registry Entries "not subject to reasonable dispute," and the fact identified does not qualify for judicial notice under Rule 201(b).

Defendants' Exhibit C to their RJN is a Facebook post. (Dkt. 36-5 2:15-17.) While Defendants submit this document in support of their position that it contradicts the assignment alleged in the Second Amended Complaint ("SAC"), the document fails to mention the assignment and is incomplete, hearsay, and not properly authenticated. Plaintiff objects to the Court taking judicial notice of Exhibit C as there is no fact established by the Facebook post "not subject to reasonable dispute," and the fact identified does not qualify for judicial notice under Rule 201(b).

Defendants appear to attempt to show the facts are not plausible in Plaintiff's SAC by introducing a host of "evidence" including the Declaration of Defendant Chelsea Papciak and attachments thereto. While Defendants may have a different version of the facts in this case the Court cannot take judicial notice of declarations and Defendants have not provided any basis for why the Court should consider documents outside the four corners of the complaint. The declaration of Papciak, Joshua Scarpuzzi's declaration, the declaration of Defendants' counsel and their attachments are hearsay and do not comport with the standards for judicial notice.

Furthermore, Federal Rule of Civil Procedure 12(f) provides that "[t]he court

may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Ayat v. Societe Air France,* No. 06–cv–01574, 2007 WL 1840923, at * 1 (N.D. Cal. June 27, 2007) (citations omitted). Consideration of the information proposed by Defendants may do exactly that and should be stricken from the record.

| Exhibit | Objection |
|---|---|
| Exhibit A to Request for Judicial Notice (RJN) Dkt. 36-5 | Plaintiff objects based on Federal Rules of Evidence, Rule 106 (Completeness) <br> While materials in the online files of the USPTO are normally proper subjects of judicial notice, Defendants have not requested the Court take judicial notice of the "File History" downloaded from USPTO website, but limited information from screen shots of the TESS Registry Entries (as described by Defendants). <br> Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| Ex. C to RJN Dkt. 36-5 | Plaintiff objects based on Federal Rules of Evidence, Rule 106 (Completeness); <br> Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); and <br> Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). <br> Plaintiff also objects as the document cannot be judicially noticed |

| | |
|---|---|
| | for the truth of the matter asserted as stated above. |
| Declaration of Chelsea Papciak Dkt. 36-3 | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); <br><br>Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). <br><br>Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| Exhibit A to the Decl. of Chelsea Papciak Dkt. 36-3 | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); <br><br>Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). <br><br>Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| Exhibit B to the Decl. of Chelsea Papciak Dkt. 36-3 | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); <br><br>Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). <br><br>Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| Exhibit C to the Decl. of Chelsea Papciak Dkt. 36-3 | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); <br><br>Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). |

| | | |
|---|---|---|
| | | Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| | Exhibit D to the Decl. of Chelsea Papciak Dkt. 36-3 | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| | Exhibit E to the Decl. of Chelsea Papciak Dkt. 36-3 | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| | Declaration of Josh Scarpuzzi Dkt. 36-4 | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| | Exhibit A to the Decl. of Josh Scarpuzzi | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); Rule 1002 (Best Evidence) Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning |

| | |
|---|---|
| Dkt. 36-4 | of the Federal Rules of Evidence). |
| | Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| Exhibit C to Request for Judicial Notice Dkt. 36-5 Facebook posts | Fed. R. Evid. 802 Hearsay (to the extent the document is introduced for the truth of its contents); |
| | Fed. Evid. Code 901, Improper/insufficient authentication (the proponent offers no grounds for authentication within the meaning of the Federal Rules of Evidence). |
| | Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |
| Declaration of Andrew Stillwell Dkt. 36-2 | Plaintiff objects based on Federal Rules of Evidence, Rule 106 (Completeness), and Rule 1002 (Best Evidence). |
| | Plaintiff also objects as the document cannot be judicially noticed for the truth of the matter asserted as stated above. |

### III. CONCLUSION

For the reasons stated above Plaintiff hereby requests the Court deny Defendants' Request for Judicial Notice as to Exhibits A and C and Strike those Exhibits and the remaining extrinsic evidence submitted with Defendants' Motion to Dismiss, i.e. the declarations of Papciak, Scarpuzzi's and Stillwell and the attachments thereto. To the extent the Court considers any of the above information, Plaintiff requests that it be afforded the opportunity to submit evidence under Rule 106, "that in fairness ought to be considered at the same time."

DATED: August 30, 2021         PROCOPIO, CORY, HARGREAVES &
                                            SAVITCH LLP


                                        By:  s/Lisel M. Ferguson

Lisel M. Ferguson
Tiffany Salayer
Attorneys for Plaintiff
BREAKING CODE SILENCE

☑   *(Federal)* **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

☑   *(Federal)* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2021, at **San Diego**, California.

                                         s/Lisel M. Ferguson
                                         Lisel M. Ferguson

10

PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE EXTRINSIC EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE

129929-00000003/5329713.4                                                     CASE NO. 21-CV-0918-BAS-DEB