UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHELSEA PAPCIAK aka FILER, et al.,<br><br>　　　　　　　　Defendants. | Case No. 21-cv-00918-BAS-DEB<br><br>**ORDER RE: PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF JENNIFER WALKER (ECF No. 53)** |

Presently before the Court is Plaintiff Breaking Code Silence ("BCS")'s Notice of Voluntary Dismissal Without Prejudice of Jennifer Walker. (ECF No. 53.) For the reasons explained below, the Court finds it must construe this Notice as a motion under Rule 41(a)(2). Further, because Walker is seeking attorneys' fees, the Court finds that any dismissal of Walker should be granted on the condition that it be with prejudice.

Under Rule 41(a), a plaintiff may voluntarily dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. 41(a)(2).

Courts have taken Rule 41(a)(1)(A)(i)'s language literally and held that a defendant's answer or motion for summary judgment cuts off the plaintiff's right to

voluntarily dismiss by notice. *See Am. Soccer Co. v. Score First Enters., a Div. of Kevlar Indus.*, 187 F.3d 1108, 1112 (9th Cir. 1999) ("The literal terms of the rule apply: if the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court."); *see also Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987) ("If a defendant desires to prevent a plaintiff from voluntary dismissal under Rule 41(a)(1)(i), it may do so by merely filing an answer or motion for summary judgment."). Other types of filings or motions by the defendant, such as motions to dismiss, do not bar the plaintiff's right to dismiss voluntarily by notice. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003) ("Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion[.]"). Where the plaintiff has the right to dismiss voluntarily, the dismissal notice is "self-executing" and "requires no action on the part of the court." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145–46 (9th Cir. 2008).

Here, BCS seeks to voluntarily dismiss without prejudice Defendant Walker through a notice under Rule 41(a). However, BCS's notice is ineffective because BCS filed it after Walker answered (Answer to First Am. Compl., ECF No. 16).[1] *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Once the defendant serves an answer or a motion for summary judgment, . . . the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1)[.]").

When a plaintiff files a notice of voluntary dismissal after a defendant has answered, the court may consider it as a request for an order of dismissal under Rule 41(a)(2). *See Carroll v. E One Inc*, 893 F.3d 139, 146 (3d Cir. 2018) (holding that the district court "properly considered dismissal under Rule 41(a)(2) rather than Rule 41(a)(1)" when plaintiff filed its notice of dismissal after defendant filed its answer). "A motion for

---

[1] It makes no difference that Walker filed an Answer to the First Amended Complaint, but not to the Second Amended Complaint. *See Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. CIV. 12-00231 LEK, 2014 WL 819158, at *3 (D. Haw. Feb. 28, 2014) (reasoning where the defendants answered the original complaint, the plaintiffs cannot voluntarily dismiss their amended claims under Rule 41(a)(1)(A)(i)).

voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist.*, 100 F.3d at 97. A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or "the threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

Because BCS's notice of voluntary dismissal "properly falls within the scope of Rule 41(a)(2)," the Court construes BCS's voluntary dismissal of Walker without prejudice as a request for an order of dismissal under Rule 41(a)(2). *See Carroll*, 893 F.3d at 146. Yet, Walker has a motion for attorneys' fees pending before the Court. (ECF No. 57.) Some courts have reasoned a defendant may suffer legal prejudice if "dismissal without prejudice prevents it from bringing a motion for attorneys' fees as a prevailing party." *Vanguard Logistics Servs. (USA), Inc. v. Groupage Servs. of New England, LLC*, No. CV 18-517 DSF (GJSX), 2021 WL 4520969, at *2 (C.D. Cal. Jan. 4, 2021) (quoting *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-cv-02812-ODW (CWx), 2016 WL 5842187, at *3 (C.D. Cal. Oct. 5, 2016)); *see also United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) (unpublished) (reasoning the defendants "suffered plain legal prejudice in losing their ability to move for attorney's fees"). On the other hands, courts, including this one, have reasoned that future "attorneys'-fees claims are far too speculative to amount to legal prejudice." *Segal v. Segel*, No. 20-CV-1382-BAS-JLB, 2022 WL 848324, at *4 (S.D. Cal. Mar. 22, 2022); *see also World Trading 23 v. EDO Trading, Inc.,* No. 2:12-cv-10886O-DW(PJWx), 2013 WL 12134187, at *5 (C.D. Cal. Nov. 14, 2013) (granting Rule

41(a)(2) motion against defendant's objection that a dismissal would foreclose its attorney's-fees claim, finding that claim "speculative at best").

Here, Walker may recover attorneys' fees under the Lanham Act only if she is "the prevailing party." 15 U.S.C. § 1117(a). The Ninth Circuit has generally held that dismissal without prejudice does not confer prevailing party status upon the defendant. *See Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009) (holding voluntary dismissal of copyright claims without prejudice does not confer prevailing party status on defendants). Therefore, dismissing Walker without prejudice would doom her motion for attorneys' fees. Hence, although requests for attorneys' fees may be too speculative to constitute legal prejudice in some cases, the Court finds prejudice exists here.

In light of these circumstances, the Court has the authority to grant dismissal on the condition that it be with prejudice. *See Corral v. HG Staffing, LLC*, No. 3:16-cv-00386-LRH-WGC, 2019 WL 1177950, at *4 (D. Nev. Mar. 13, 2019) (collecting cases). The Court finds this condition is appropriate here. Accordingly, the Court **GRANTS** BCS's request to voluntarily dismiss its claims against Defendant Walker **on the condition that** the dismissal be **with prejudice**. BCS has until **August 26, 2022**, to withdraw its notice of voluntary dismissal or consent to the dismissal despite the condition. A failure to respond by the deadline shall constitute a consent to dismissal with prejudice. The Court will then resolve Walker's request for attorneys' fees.

**IT IS SO ORDERED.**

**DATED: August 12, 2022**

Hon. Cynthia Bashant
United States District Judge