UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREAKING CODE SILENCE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHELSEA PAPCIAK aka FILER, et al.,<br><br>　　　　　　　　Defendants. | Case No. 21-cv-00918-BAS-DEB<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES (ECF Nos. 54, 57)** |

Presently before the Court are Defendant Jennifer Walker's motion for attorneys' fees (ECF No. 57) and Defendants Jenna Bulis, Chelsea Filer, Martha Thompson, and BreakingCodeSilence, Inc.'s motion for attorneys' fees (ECF No. 54). Plaintiff Breaking Code Silence ("BCS") filed a response to both motions. (ECF Nos. 60–61.)

The Court finds these matters suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** the motions for attorneys' fees.

**I.　BACKGROUND**[1]

BCS "is a nonprofit public benefit corporation incorporated by survivors of institutional child abuse and activists with the mission of helping survivors of institutional child abuse." (Second Am. Compl. ("SAC") ¶ 12, ECF No. 19.) To brand its mission and

---

[1] The Court incorporates the background set forth in its Order Granting Defendants' Motions to Dismiss ("Dismissal Order") (ECF No. 47) and repeats those allegations relevant for these motions.

services, "BCS uses the trademarks BREAKING CODE SILENCE, BCS, and #breakingcodesilence." (*Id.* ¶ 21.)  Chelsea Papciak (also known as Chelsea Filer), Jennifer Walker, Jenna Bulis, and Martha Thompson "were involved with BCS from 2019 through early 2021." (*Id.* ¶ 24.)  In early 2021, they "publicly separated themselves from BCS and no longer actively participate in the organization." (*Id.*)  BCS alleges "[d]espite publicly separating themselves from BCS, [Filer, Walker, Bulis, and Thompson] are using the [trademarks] without authorization of [BCS]." (*Id.* ¶ 25.)

BCS further alleges these "Defendants have taken many of [BCS]'s social media and email accounts and are holding them hostage and will not return them to [BCS] despite numerous requests." (SAC ¶ 28.)  In addition, Bulis and Filer "filed a registration for a Florida Profit Corporation by the name of BREAKINGCODESILENCE INC."—the final named Defendant. (*Id.* ¶ 42.)  "This was done without the authorization of BCS, and after publicly falsely accusing BCS (a nonprofit) of attempting to profit from the troubled teen survivor movement." (*Id.*)  BCS claims Defendants "continue to make public posts on social media alleging that Plaintiff is committing theft, bullying and threatening survivors," which "are causing the public to question [BCS]'s integrity." (*Id.* ¶¶ 39–40.)

Based on these allegations, BCS brought nine causes of action, including trademark infringement, unfair competition under the Lanham Act, conversion, and defamation. (SAC ¶¶ 45–107.)  Walker moved to dismiss the claims against her under Rule 12(b)(6). (ECF No. 35.)  Filer, Bulis, Thompson, and BreakingCodeSilence, Inc. also moved to dismiss the claims against them under Rule 12(b)(6). (ECF No. 36.)

The Court granted Defendants' motions, dismissing BCS's trademark-related federal claims (SAC ¶¶ 45–70) with leave to amend. (Dismissal Order.)  The Court declined to exercise supplemental jurisdiction over BCS's remaining state law claims and dismissed them without prejudice. (*Id.*)  Finally, the Court set a deadline of March 4, 2022, for BCS to file a third amended complaint, but BCS did not do so. (*See* Dismissal Order; Order to Show Cause ("OSC"), ECF No. 50.)  Accordingly, the Court ordered BCS to show cause why the Court should not dismiss this case for failure to prosecute and warned BCS

that a failure to file an adequate response by April 4, 2022, would result in dismissal. (OSC at 2.)

On March 9, 2022, BCS filed a Notice of Voluntary Dismissal to dismiss Filer, Bulis, Thompson, and BreakingCodeSilence, Inc. without prejudice pursuant to Rule 41(a)(1). (Not. of Dismissal of Defs., ECF No. 52.) On March 31, 2022, BCS filed a Notice of Voluntary Dismissal to likewise dismiss Walker without prejudice. (Not. of Dismissal of Walker, ECF No. 57.)

The request to voluntarily dismiss Walker under Rule 41(a)(1) was ineffective, however, because Walker had filed an answer to the First Amended Complaint (ECF No. 16). (*See* Order Re: Notice of Dismissal, ECF No. 63.) Hence, the Court construed BCS's notice as a request for dismissal under Rule 41(a)(2). (*Id.*) The Court ultimately determined Walker should be dismissed, but on the condition that the dismissal must be with prejudice. (*Id.*; ECF No. 64.)

Now before the Court are Filer, Bulis, Thompson, and BreakingCodeSilence, Inc.'s motion for attorneys' fees under the Lanham Act. (ECF No. 54.) Walker similarly moves for attorneys' fees. (ECF No. 57.) BCS filed a response to both motions. (ECF Nos. 60–61.) Filer, Bulis, Thompson, and BreakingCodeSilence, Inc. replied. (ECF No. 62.)

II.   **ANALYSIS**

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Court thus first considers whether Defendants are the "prevailing party." The Court then turns to whether this case is an "exceptional" one warranting fees.

A.   **Prevailing Party**

Initially, Defendants must be the "prevailing party" to recover their attorneys' fees. 15 U.S.C. § 1117(a). The Supreme Court explained a litigant is the "prevailing party" when it secures an "enforceable judgment[] on the merits" or a "court-ordered consent decree[]" because the litigant has received a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health*

*& Hum. Res.*, 532 U.S. 598, 604–05 (2001)[2]; *see also Tx. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties."). This change must be marked by "judicial imprimatur." *Buckhannon*, 532 U.S. at 605.

Moreover, the Ninth Circuit recognizes that "a litigant can 'prevail' for the purposes of awarding attorney's fees as a result of judicial action other than a judgment on the merits or a consent decree (provided that such action has sufficient 'judicial imprimatur')." *Carbonell v. I.N.S.*, 429 F.3d 894, 899 (9th Cir. 2005); *see also CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 432 (2016) ("There is no indication that Congress intended that defendants should be eligible to recover attorney's fees only when courts dispose of claims on the merits."). For example, "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin*, 569 F.3d at 1150.

### 1. Filer, Bulis, Thompson, and BreakingCodeSilence, Inc.

BCS voluntarily dismissed its claims without prejudice against Filer, Bulis, Thompson, and BreakingCodeSilence, Inc. under Rule 41(a)(1). (Not. of Dismissal of Defs.) A dismissal without prejudice typically does not confer prevailing party status upon the defendant. *See Cadkin*, 569 F.3d at 1149 (holding voluntary dismissal of copyright claims without prejudice does not confer prevailing party status on defendants); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008) (holding "dismissal without prejudice did not confer prevailing party status upon the defendant" under the Individuals with Disabilities Education Act). "Because the defendant remains subject to the risk of refiling, . . . a voluntary dismissal without prejudice does not alter the legal

---

[2] Although *Buckhannon* was not a Lanham Act trademark infringement case, "the distinction is immaterial." *See Cadkin v. Loose*, 569 F.3d 1142, 1148–49 (9th Cir. 2009) ("[W]e have understood the Court's construction of 'prevailing party' applies to federal fee shifting statutes other than the FHAA that contain that phrase, which is appropriate given the Court's reliance on a dictionary definition for its holding.").

relationship with the parties." *Nutrivita Lab'ys, Inc. v. VBS Distrib. Inc.*, 160 F. Supp. 3d 1184, 1189 (C.D. Cal. 2016).

Despite this voluntary dismissal rule, Filer, Bulis, Thompson, and BreakingCodeSilence, Inc. argue there has been a material alteration of the legal relationship of the parties because BCS lost on the motion to dismiss and failed to amend its complaint. (Defs.' Reply at 3.) This argument is unavailing. Though Defendants are correct that the Court granted their motion to dismiss BCS's Second Amended Complaint, the dismissal was with leave to amend and without prejudice. (Dismissal Order at 9.) This dismissal did not alter the legal relationship of these parties because Defendants remained subject to the risk of refiling. *See Oscar*, 541 F.3d at 981 ("[W]e are persuaded that dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing.").[3]

Similarly, BCS's failure to file a third amended complaint does not confer prevailing party status on Filer, Bulis, Thompson, or BreakingCodeSilence, Inc. Defendants argue they are entitled to this status because "BCS waited until after the time for amendment had expired . . . , and in the [face] of an imminent involuntary dismissal, filed a voluntary one." (Defs.' Reply at 3.) Indeed, the Dismissal Order gave BCS until March 4, 2022, to file a third amended complaint. (*See* Dismissal Order at 9.) And when BCS failed to file an amended complaint, the Court ordered BCS to show cause as to why the Court should not dismiss this case for failure to prosecute and stated "[BCS] may show adequate cause by filing, or moving for an extension of time to file, an amended complaint by no later than

---

[3] The Court notes there have been instances where defendants were entitled to prevailing party status even though the plaintiff filed a notice of voluntary dismissal without prejudice. *See W. Wind Energy Corp. v. Savitr Cap., LLC*, No. C 12-4806 PJH, 2013 WL 3286190, at *6 (N.D. Cal. June 27, 2013) (holding that even though plaintiff filed a notice of voluntary dismissal without prejudice, defendant is the prevailing party under the Lanham Act because defendant "successfully defended against [plaintiff's] request for injunctive relief, resulting in the court's denial of the requested relief based on a determination of the merits of [plaintiff's] claims"); *see also Sci. Weight Loss, LLC v. U.S. Med. Care Holdings, LLC*, No. CV 08-2852PSG(FFMX), 2009 WL 2151365, at *4 (C.D. Cal. July 15, 2009) (same). The Court finds these cases inapposite because unlike the defendants in those cases, Defendants here did not defeat any attempts at injunctive relief on the merits.

April 4, 2022." (*See* OSC at 2.)  Rather than amend its pleading or move for more time, BCS exercised its right to dismiss the case voluntarily because these Defendants never answered or moved for summary judgment. *See United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145–46 (9th Cir. 2008); *Am. Soccer Co. v. Score First Enters., a Div. of Kevlar Indus.*, 187 F.3d 1108, 1112 (9th Cir. 1999). This voluntary dismissal without prejudice mooted the Court's Order to Show Cause. Therefore, BCS is not "judicially precluded from refiling [its claims] against the [Defendants]," and the Court finds no material alteration in the legal relationship among these parties. *See Oscar*, 541 F.3d at 981.

In short, Defendants Filer, Bulis, Thompson, and BreakingCodeSilence, Inc. are not prevailing parties under the Lanham Act's fee-shifting provision because the claims against them were dismissed without prejudice.  The Court therefore denies these Defendants' motion for attorneys' fees.

### 2. Walker

Walker is not in the same position as the other Defendants.  As mentioned, because she filed an answer, Walker cut off BCS's right to voluntarily dismiss its action against her. *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Once the defendant serves an answer or a motion for summary judgment, . . . the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1)[.]").  The Court ultimately dismissed Walker with prejudice. (ECF No. 64.)  Hence, Walker is a "prevailing party" under 15 U.S.C. § 1117(a). *See Cadkin*, 569 F.3d at 1150.

## B. Exceptional Case

Only Walker's motion survives the threshold, prevailing party inquiry.  To recover fees, Walker must also show that this case is exceptional.  15 U.S.C. § 1117(a). While the Lanham Act does not define "exceptional," the Ninth Circuit has relied on the Supreme Court's decision in a Patent Act case, *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), to define an exceptional case. *See SunEarth, Inc. v. Sun Earth Solar*

*Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (explaining that the fee-shifting provisions in both the Patent Act and the Lanham Act are "parallel and identical").

In doing so, the Ninth Circuit defined an exceptional case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth*, 839 F.3d at 1180.  The Ninth Circuit also cited a list of nonexclusive factors to determine whether a case is exceptional, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 1181 (quoting *Octane Fitness*, 572 U.S. at 554 n.6; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  Further, "district courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, . . . exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using a preponderance of the evidence standard."  *Id.*; *see also Octane Fitness*, 572 U.S. at 554 ("'[T]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised . . . .").

Considering this guidance, the Court finds the instant action is not exceptional under the Lanham Act.  This case does not "stand[] out from others with respect to the substantive strength of a party's litigating position."  *See SunEarth*, 839 F.3d at 1180.

Walker argues the case "had no merit" because BCS did not have a registered mark and "knew that there was no legitimate claim to any common law mark." (Walker's Mot. at 2.)  Indeed, in the Dismissal Order, the Court found "BCS [did] not plausibly allege it owns the unregistered mark through an assignment" because "[t]he Complaint [did] not allege who transferred the rights to BCS, the date of the assignment, the scope of the assignment, or any other information." (Dismissal Order at 8.)  However, "mere failure of proof on a claim or lack of success in a lawsuit is not sufficient to warrant a finding that a case is exceptional." *Caiz v. Roberts*, No. CV 15-09044-RSWL-AGRx, 2017 WL 830386,

at *5 (C.D. Cal. Mar. 2, 2017); *see also Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969, 973 (9th Cir. 2007) (holding that despite plaintiff's failure to produce "any admissible evidence," case was not exceptional because "[plaintiff's] case was not frivolous and . . . [plaintiff] raised debatable issues"); *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12-CV-2472-AJB-KSC, 2019 WL 1429588, at *10 (S.D. Cal. Mar. 29, 2019) (concluding defendant failed to show case was exceptional under Lanham Act because "[defendant's] only basis for such a finding boils down to [plaintiff's] failure to present enough evidence to defeat its summary judgment motion"). Although BCS was unable to plausibly show it had enforceable trademark rights, the Court is unconvinced that this case "stands out from others with respect to the substantive strength of a party's litigating position." *See SunEarth*, 839 F.3d at 1180.

Furthermore, the Court is not persuaded by a preponderance that the case was litigated unreasonably. *See SunEarth*, 839 F.3d at 1180. Walker argues "[BCS's] conduct is clearly both egregious and in bad faith," and she goes so far as to charge that BCS "made up the knowingly false claims that one of its 'volunteers' had a claim [to the trademark], and assigned it to BCS." (Walker's Mot. at 4.)[4] The evidence submitted does not convincingly show BCS manufactured "knowingly false claims." Hence, the Court is unpersuaded by Walker's argument that this action was unreasonably litigated.

Moreover, BCS presented good faith arguments through its pleadings and briefing, explaining why it believes it owns the Breaking Code Silence trademark and how Defendants allegedly infringed on its trademark. (*See* SAC ¶¶ 12–44.) For example, BCS alleged it was formed by community members who used the mark previously, and BCS

---

[4] In support of this charge, Walker points to a declaration from the individual who first started using the phrase Breaking Code Silence. (ECF No. 57-2.) In that declaration, the individual incorporates a social media post discussing his use of the phrase Breaking Code Silence and declares "the statements made in that post are true, correct, and accurate." (*Id.*) The Court cannot overlook the hearsay concerns with this evidence. *See Chapman v. Maraj*, No. 2:18-cv-09088-VAP-SSx, 2020 WL 6260021, at *4–5 (C.D. Cal. Sept. 16, 2020) (concluding social media posts were hearsay); *see also Murray v. Billings Garfield Land Co.*, No. CV 14-106-BLG-SPW, 2016 WL 2963419, at *2 (D. Mont. May 20, 2016) (finding statements contained in exhibits attached to declaration were hearsay because they "are statements not made in the current proceeding and are offered for the truth of the matter asserted").

claimed the entity has been using the mark across its social media and other platforms for several years. (*Id.* ¶¶ 14–23.) BCS also alleged Defendants used its trademark without its authorization and attached exhibits in support of its claims. (*See* SAC ¶¶ 26–27, 36–42; *see also* Exs. A–J to SAC, ECF No. 19-1.) The Court therefore finds it "difficult . . . to conclude . . that it was frivolous or objectively unreasonable for [BCS] to pursue this litigation." *See Caiz*, 2017 WL 830386, at *5; *see also Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-CV-02812-ODW(CWx), 2016 WL 5842187, at *3 (C.D. Cal. Oct. 5, 2016) ("[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless claims.'"). Ultimately, considering the totality of the circumstances, the Court finds the instant action is not an exceptional case warranting attorneys' fees under the Lanham Act.

In sum, the Court denies Walker's motion for attorneys' fees. And although the other Defendants' motion for attorneys' fees falters at the prevailing party stage, the Court notes that its exceptional case analysis applies with equal force to their motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motions for attorneys' fees. (ECF Nos. 54, 57.) The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

DATED: September 13, 2022

Hon. Cynthia Bashant
United States District Judge